# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 97-20133
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CHARLES GRADY HENDRICKSON,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas

(96-CR-191-2)

---

December 9, 1997

Before WISDOM, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Grady Hendrickson pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Hendrickson to 96 months of imprisonment, three years of supervised release and a $50 special assessment. The district court based its sentence upon the Presentence Investigation Report (PSI). The sentence included a three level increase for assaulting a police officer in a manner creating a substantial risk of bodily harm.[2]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] U.S.S.G. § 3A1.2(b).

The district court denied Hendrickson a three level decrease for acceptance of responsibility.[3]

Hendrickson appeals. Thomas J. Bevans, Hendrickson's counsel, has filed a motion to withdraw along with an accompanying brief as required by *Anders v. California*.[4] Hendrickson responded to the *Anders* brief, raising one additional issue. He also filed a motion to dismiss counsel and proceed *pro se*.

After considering all of the issues raised and conducting a thorough review of the record, we find no meritorious issues presented in this appeal. 18 U.S.C. § 922(g)(1), the provision under which Hendrickson pleaded guilty, is constitutional both on its face and as applied to Hendrickson.[5] The district court did not err in calculating Hendrickson's sentence. A three level increase under Section 3A1.2(b) was justified in this case based upon the facts presented in the PSI.[6] As the police officers approached the stopped vehicle in which the defendant was a passenger, they observed a shotgun in the defendant's hands, and they felt a substantial risk of serious bodily harm. Standing alone, Hendrickson's assertions to the contrary are insufficient to overcome the presumption that the PSI is reliable.[7] Furthermore, the district court did not err by denying a three level decrease in sentencing

---

[3]     U.S.S.G. § 3E1.1.

[4]     386 U.S. 738 (1967).

[5]     *See United States v. Rawls*, 85 F.3d 240 (5th Cir. 1996); *United States v. Kuban*, 94 F.3d 971 (5th Cir. 1996).

[6]     Generally, a PSI bears sufficient indicia of reliability so that a sentencing court may rely upon it. *United States v. Jobe*, 101 F.3d 1046, 1065 (5th Cir. 1996).

[7]     *See United States v. Valencia*, 44 F.3d 269, 274 (5th Cir. 1995).

level for acceptance of responsibility.[8] During sentencing, Hendrickson argued that he did not hold the gun or threaten the officers as alleged in the PSI. The district court did not err in finding this action inconsistent with the acceptance of responsibility.[9]

Hendrickson also argues that he received ineffective assistance of counsel because his counsel did not request an evidentiary hearing on a disputed sentencing matter. Hendrickson did not raise this issue in the district court. As a general rule, we do not consider a Sixth Amendment ineffective assistance of counsel contention on direct appeal when it was not raised in the district court.[10] We consider this argument on direct appeal only when the record is adequately developed so that the merits of the claim may be fairly considered.[11] This is not one of those rare cases. The record does not contain any information concerning the factual basis for this claim and for counsel's decision.

We have found no meritorious issues presented in this appeal. Counsel is excused from further responsibilities in this matter. This appeal is DISMISSED. Hendrickson's motion to proceed *pro se* is DENIED.

---

[8] Whether a defendant has sufficiently demonstrated acceptance of responsibility is a factual question reviewed under a standard that is more deferential than "clear error". *United States v. Spires*, 79 F.3d 464, 467 (5th Cir. 1996).

[9] Hendrickson argues that the denial of a decrease in sentencing level cannot be based upon challenging facts during sentencing. He relies upon *United States v. Smith*, 106 F.3d 350 (11th Cir. 1996). The Eleventh Circuit, *en banc*, vacated its decision in Smith because "the panel opinion went too far." *United States v. Smith*, 1997 WL 676564, *2 (11th Cir. 1997) (en banc). The *Smith* Court found that the district court did not err in denying a sentence level reduction under U.S.S.G. § 3E1.1 when the defendant challenged the factual basis of his guilty plea during sentencing. *Id*.

[10] *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995).

[11] *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).